# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# SHREVEPORT DIVISION

| | |
|---|---|
| **JEREMY MANELSKI** | **CIVIL ACTION NO. 21-2486-P** |
| **VERSUS** | **CHIEF JUDGE HICKS** |
| **OFFICER WRIGHT, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff Jeremy Manelski ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this court on August 12, 2021. Plaintiff claims his civil rights were violated by prison officials at Caddo Correctional Center in Shreveport, Louisiana. He names Officer Wright, Deputy Richardson, Deputy Rocomore, Sgt. Thomas, Deputy Bullock, Deputy Fatel, Deputy Williams, and the Caddo Correctional Center as defendants.

On June 2, 2022, this court ordered Plaintiff to file, within 30 days of the service of the order, one (1) copy of the complaint, two (2) completed summonses, and one (1) completed USM 285 form for each Defendant, for service. However, that order was returned to this court on June 23, 2022 by the United States Postal Service marked "RETURN TO SENDER-Not here." To date, Plaintiff has not informed this court of his new address.

Accordingly;

**IT IS RECOMMENDED** that this complaint be **DISMISSED WITHOUT PREJUDICE**, sua sponte, for failure to prosecute, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as interpreted by the court and under the court's inherent power to control its own docket. See Link v. Wabash Railroad Company, 370 U.S. 626, 82 S.Ct. 1386 (1962); Rogers v. Kroger Company, 669 F.2d 317, 320-321 (5th Cir. 1982).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, at Shreveport, Louisiana, on this 26th day of August 2022.

Mark L. Hornsby
U.S. Magistrate Judge